UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-232-EHJ

VICKIE D. LYMAN                                                                                   PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                            DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff Vickie Lyman's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the decision of the Commissioner should be affirmed.

Ms. Lyman filed applications for disability insurance and SSI benefits alleging that she became disabled on May 17, 2002 as a result of head trauma, right arm and leg injuries, and crying and moodiness following a motor vehicle accident (Tr. 126). After a hearing on September 3, 2003, Administrative Law Judge Gary Flenner ("ALJ") found that Ms. Lyman suffers from late effects of injuries to the nervous system and an organic mental disorder as a result of the motor vehicle accident, injuries which constitute severe impairments, but that do not meet or medically equal listed impairments (Tr. 17). The ALJ further found that she retains the residual functional capacity to perform a range of light work activity, but cannot return to her past relevant work as a quality controller, a sewing machine operator, and a windshield installer.

Plaintiff has filed objections to the magistrate's report, which include the following as outlined in DN 13: 1) the ALJ erred by not accepting the treating physician's residual functional

capacity assessment as controlling; 2) the ALJ and magistrate erred in concluding that the "B" criteria for Listing 12.02(A)(7) were not met.

This case presents a claimant who suffered injury to her right arm and leg as well as a possible brain injury as a result of an automobile accident. The record contains conflicting proof pertaining to her limitations, both mental and physical. It was the ALJ's difficult task to sort through this conflicting evidence, as well as to weigh the credibility of the claimant. The Court must reject the claimant's argument pertaining to Dr. Zetter's findings. It is true that a treating source's medical opinion is generally entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence of record, 20 C.F.R. §404.1527(d)(2). However, our review of the evidence of record reveals that the ALJ did not err in declining to adopt Dr. Zetter's findings under both prongs of the "treating physician" rule.

With regard to the application of Listing 12.02(A)(7) for her mental condition, the Court can find no error with the ALJ's reliance upon Tom Wagner's testimony that the "B" criteria were not met. In sum, there is substantial evidence of record to support the ALJ's Decision denying benefits to Ms. Lyman. For these reasons, the Court finds that the magistrate's analysis of the issues and application of the law are appropriate, and the recommendations are adopted.

While the Court is sympathetic to Ms. Lyman's situation, it finds no misapplication of the regulations. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, <u>Crum v. Sullivan</u>, 921 F.2d 642, 644 (6th Cir. 1990).